Ethan Preston (263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiff Kelly Bland, on her own behalf, and on behalf of all others similarly situated*

**IN THE UNITED STATES DISTRICT COURT FOR**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE SUBPOENA TO OOMA, INC. | No. 26-80270<br><br>**PLAINTIFF KELLY BLAND'S MOTION TO COMPEL NON-PARTY OOMA, INC. TO COMPLY WITH HER SUBPOENA** |
| KELLY BLAND, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INVIDA FINANCIAL NETWORK LLC, a Virginia limited liability company, and BRYLORENCE INVESTMENTS, LLC, a Texas limited liability company<br><br>Defendants. | Underlying Case No. 3:26-cv-00259, pending in the United States Court for the Northern District of Texas<br>Discovery Cut-off: Not yet set<br>Pretrial Conference: Not yet set<br>Trial Date: Not yet set |

**NOTICE OF MOTION TO COMPEL**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on a date and time set and in the courtroom designated and assigned by the Honorable Court, Plaintiff Kelly Bland ("Bland" or "Plaintiff") will and hereby does move to compel Non-Party Ooma, Inc. d/b/a Ooma ("Ooma") to comply with her subpoena and for other relief under Federal Rule of Civil Procedure 45.

**MOTION TO COMPEL**

On June 30, 2026, Bland served a subpoena on Ooma, setting a deadline for production on July 17, 2026. Bland App'x 1, 14. Ooma has requested serial extensions to make its production, but has not made any objection. *Id.* 17, 19-20. On August 24, Ooma requested additional time to notify its subscribers. *Id.* 19-20. Ooma has not responded to Bland's request for an explanation why it had not notified its subscribers in July. *Id.* 21. Bland has to conclude that Ooma's continued delay is no longer in good faith, and hereby moves to compel compliance with the subpoena, and for coercive and compensatory sanctions.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, the authorities cited therein and the supporting declarations, oral argument of counsel, and any other matter that may be submitted at the hearing.

Dated: August 25, 2026

By: s/Ethan Preston

Ethan Preston (263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiff Kelly Bland, on her own behalf, and behalf of all others similarly situated*

**PLAINTIFF KELLY BLAND'S MOTION TO COMPEL NON-PARTY OOMA, INC. TO COMPLY WITH HER SUBPOENA**

## I. Statement of the Issues

Should non-party Ooma, Inc. ("Ooma") be compelled to comply with Plaintiff Kelly Bland's ("Bland" or "Plaintiff") properly issued subpoena?

## II. Statement of Facts

**Bland's Case:** Bland is the named plaintiff in a class action pending before the Northern District of Texas, which alleges Defendants Invida Financial Network LLC and Brylorence Investments, LLC (collectively, "Defendants") violated the Telephone Consumer Protection Act (47 U.S.C. § 227) ("TCPA") via telemarketing calls to Bland's residential telephone number.

**Ooma Is a Relevant Witness In Bland's Case:** During the course of discovery, Bland identified Ooma as the telecommunications provider for Brylorence during the relevant time period. It is likely that Ooma maintains records that will enable Bland to identify class members and additional defendants involved in the telemarketing that gives rise to Bland's claims.

**Ooma Has Not Made a Production for Bland's Subpoena:** On June 30, 2026, Bland served a subpoena on Ooma, setting a deadline for production on July 17, 2026. Bland App'x 1, 14. On July 17, Ooma's designated agent (Subsentio) requested an extension on Ooma's production until August 4, which Bland granted. *Id*. 17. On August 5, Ooma (via Subsentio) requested another extension to August 20. *Id*. 18. Ooma ignored Bland's efforts to negotiate with this date. *Id*. On August 20, Ooma delayed again. This time, Subsentio asserted that Ooma was "*required* to notify the affected subscribers when a legal process requests their records" and would not make a production until September 8. *Id*. 19 (italics added). However, Subsentio's correspondence also stated it was "Ooma Inc'(s) *practice and policy* to notify the affected subscribers when a legal process requests their records." *Id*. 20. Bland indicated that Ooma was served on July 17 (and so its time to make any such notification ran from that date), and asked why Ooma needed until September 8 to make its production. *Id*. 21. Ooma has not responded. Preston Decl. ¶6. At no point in this process has Ooma objected to the subpoena. *Id.*

**Ooma Is Stringing Bland Along:** Bland is mindful that Ooma promised to make its production by September 8— this motion may be moot before Ooma's deadline to respond to

this motion. If that happens, Bland will be more than happy to withdraw this motion.

But Ooma's serial delays and especially the discrepancies in its most recent explanation have eroded its credibility with Bland. Bland is not aware of any statutory obligation for Ooma to notify its customers of the subpoena. Bland has reviewed Ooma's privacy policy: there does not appear to be any contractual obligation to do so either. *Cf.* Bland App'x 22-49. And Ooma has not responded to Bland's simple query: why did it not notify its customers on July 17, when it first received the subpoena? *Id.* 20. Why did it initially promise August 20 as a production date, if it knew it was going to delay for a customer notification? Bland is forced to conclude that these delays are not in good faith: Ooma is stringing her along with a series of delays that are short enough to deter motion practice, but cumulatively long enough to prejudice her.

## III. The Subpoena Seeks Relevant Documents

The subpoena seeks (1) documents concerning the accounts for a set of telephone numbers used by Brylorence, one of the defendants in the underlying case, including (2) call records for each such number; (3) documents concerning the deletion of other responsive documents; (4) documents supporting any costs sought by Ooma; and (5) documents supporting any objection to the subpoena. *Id.* 12-13. Requests 1 and 2 are directly relevant to Bland's class claims under the TCPA. *See Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). Request 3 to 5 are relevant to the integrity of Ooma's production on Request 1 and 2, and enforcement of Bland's subpoena.

## IV. Ooma Waived All Objections to the Subpoena

Ooma never served any objections to the subpoena. Preston Decl. ¶6. Objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B). Ooma has waived any objections to Bland's subpoena:

> Failure to serve timely objections [to a subpoena] waives all grounds for objection, including privilege[.] [A] nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived.

*McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). *See also United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) ("[f]ailure to serve

timely objections [to a subpoena] waives all grounds for objection”).

## V. Ooma Has Waived Costs in Responding to the Subpoena

Likewise, absent a court order, “a non-party bears its own production expenses.” *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 425 (D.N.J. 2004) (citing Fed. R. Civ. P. 45(c)(2)(B)). In the ordinary course, Ooma bears its own costs of production. *See Miller v. Allstate Fire & Cas. Ins. Co.*, No. 07-260, 2009 WL 700142, *2 (W.D. Pa. Mar. 17, 2009) (“nonparty responding to a subpoena is typically required to pay its own costs of production”).[1] Ooma has waived its right to recover costs of production:

> The 1991 amendments to Rule 45 [that] provide additional protection to the subpoenaed person also make it reasonable to construe the new time limits more strictly so that ***failure to timely file an objection will result in a waiver*** *of the right to object to enforcement of the subpoena* ***and of the right to recover costs of production.***

*Angell v. Shawmut Bank Conn. Nat. Ass’n*, 153 F.R.D. 585, 590 (M.D.N.C. 1994) (quoted by *McCabe*, 221 F.R.D. at 426; emphasis added). Ooma bears “the burden of establishing the existence and reasonableness of the costs or fees incurred, and that these expenses should be shifted back to [Bland]” and failed to do so. *In re Application of Michael Wilson & Partners, Limited*, No. 06-02575, 2012 WL 1901217, *4 (D. Colo. May 24, 2012).[2] Bland’s broadest requests seek call records and other account documents within a date range. Bland App’x 12. This is a presumptively reasonable discovery method:

> [Where a subpoena seeks] documents reflecting communications with certain individuals during a specific time period[,] [a] responsive production for all documents reflecting communications (emails) with certain individuals would include all emails sent to or received from those individuals during that period. This request, though possibly over-broad, makes identifying responsive emails relatively simple. . . . [Provided a witness’s] email software can sort emails by sender or receiver and date, [the witness] should be able to locate the responsive emails quickly.

---

[1] Followed by *Maximum Human Performance, LLC v. Sigma-Tau HealthScience, LLC*, No. 12-6526, 2013 WL 4537790, *4 (D.N.J. Aug. 27, 2013); *Stringer v. Ryan*, No. 08-21877, 2009 WL 3644360, *1 (S.D. Fla. Oct. 30, 2009). *See also Behrend v. Comcast Corp.*, 248 F.R.D. 84, 86 (D. Mass. 2008); *McCabe*, 221 F.R.D. at 425 (absent a court order to the contrary, “a non-party bears its own production expenses,” citing Fed. R. Civ. P. 45(c)(2)(B)).

[2] *See also In re Michalski*, 449 B.R. 273, 284 (Bankr. N.D. Ohio 2011) (denying demand for expenses incurred in responding to subpoena, where witness presented “no evidence concerning the cost or burden of responding to the Subpoena”).

*Lynch v. Math-U-See, Inc.*, No. 13-402, 2013 WL 2444662, *2 (S.D. Cal. June 4, 2013). "The glory of electronic information is . . . that it permits the computer to search for words or 'strings' of text in seconds." *In re Lorazepam & Clorazepate Antitrust Litig.*, 300 F. Supp. 2d 43, 47 (D.D.C. 2004).

**VI. Bland Seeks an Order Sufficient to Coerce Ooma to Fully Comply with Her Subpoena**

Ooma's failure to produce documents to Bland after successive extensions suggests that the Court will need to take steps to coerce them to comply with valid subpoenas. Rule 45 authorizes contempt of court sanctions for failure to comply with a subpoena. *Cf.* Fed. R. Civ. P. 45(g) (court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it"). "Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act of defiance of a court order and exposes the defiant witness to contempt sanctions." Fed. R. Civ. P. 45(a) advisory committee's note on 1991 amendment (quoted by, e.g., *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. 08-00519, 2009 WL 605789, *2 (C.D. Cal. Mar. 9, 2009)).

> A subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase. If that were the case, then, indeed, the great power of testimonial compulsion, so necessary to the effective functioning of courts and legislatures, would be a nullity. We have often iterated the importance of this public duty, which every person within the jurisdiction of the Government is bound to perform when properly summoned.

*United States v. Bryan*, 339 U.S. 323, 331 (1950). "Contempts such as failure to comply with document discovery . . . touch upon the core justification for the contempt power." *International Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 833 (1994).

Remedies for contempt of court include "a compensatory fine" in an amount "reasonably calculated to compensate the petitioner for all costs incurred in the proceedings to enforce the subpoena." *In re D.I. Operating Co.*, 240 F. Supp. 672, 678 (D. Nev. 1965). Such compensatory costs include attorneys' fees. *Ahearn ex rel. NLRB v. International Longshore & Warehouse Union, Locals 21 and 4*, 721 F.3d 1122, 1130 (9th Cir. 2013). "Attorneys' fees frequently must be expended to bring a violation of an order to the court's attention." *Perry v. O'Donnell*, 759

F.2d 702, 703, 705 (9th Cir. 1985) (affirming contempt sanctions for "attorneys' fees and . . . expenses incurred in successfully prosecuting [contemnor] for civil contempt").

Where Ooma has "taken no affirmative steps to comply" with the subpoena, the "time and expense" incurred in bringing a motion to enforce the subpoena are "precisely the types of considerations that render an attorneys' fees award appropriate." *Bademyan*, 2009 WL 605789, *2. Other sanctions for contempt of court include a daily fine for each day that the Witnesses fail to comply with the subpoena. *Cf. United States v. Rose*, 437 F. Supp. 2d 1166, 1170 (S.D. Cal. 2006) (court has authority "to impose a daily monetary fine until such time as [contemnor] complies with the Court's order"). *See also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1482 (9th Cir. 1992) ("coercive effect" of daily fine "increases with each passing day as the contempt fine grows larger").

## VII. Conclusion

The Court should order Ooma, Inc. to comply with Bland's subpoena. It has waived all objections. The Court should award Bland her costs in bringing this motion and select remedies sufficient to coerce Ooma to comply with Bland's subpoena.

Dated: August 25, 2026

By: s/Ethan Preston

Ethan Preston (263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiff Kelly Bland, on her own behalf, and behalf of all others similarly situated*